Michael Lee (WL 6353)
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RALLY ARMOR, LLC,<br><br>                  Plaintiff,<br><br>       v.<br><br>ELITE AUTO PARTS INC.; SUZHOU HAO TANG AUTO PARTS US LTD.; HONG YANG; YEH CHUN HUNG; "JOHN DOES" 1-10; and UNKNOWN ENTITIES 1-10;<br><br>                  Defendants. | CASE NO.<br><br><br>**COMPLAINT** |

Plaintiff Rally Armor, LLC ("Rally Armor") through its attorneys complaining of Elite Auto Parts Inc.; Suzhou Hao Tang Auto Parts US Ltd.; Hong Yang; Yeh Chun Hung; "John Does" 1- 10; and Unknown Entities 1-10 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

### STATEMENT OF THE CASE

1. This is a suit by Rally Armor against Defendants for: (i) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) unfair competition, false designation of origin and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair and deceptive business practices in violation of N.Y. Gen. Bus. L. § 349.

2. This action concerns the distribution of large quantities of merchandise bearing infringements of Rally Armor's trademarks in the United States. As described more fully below, Defendants have conspired knowingly and intentionally to distribute and sell knockoff merchandise bearing infringements of Rally Armor's trademarks. Despite being sent a cease and desist letter that specifically put them on notice of their illicit activities, Defendants continue to distribute unauthorized product to the severe determinant of Rally Armor and the public at large. By doing so, Defendants have willfully infringed Rally Armor's valuable trademarks, creating a strong likelihood of confusion among consumers who expect that merchandise bearing Rally Armor's trademarks will be genuine Rally Armor product and causing both monetary and other irreparable injury to Rally Armor.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4. Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District. Specifically, Defendants have sold infringing product into this District.

5. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Rally Armor is a limited liability company duly organized and existing under the laws of the State of New York, and having its principal place of business located at PO Box 56145, Astoria, NY 11105.

8. Upon information and belief, defendant Elite Auto Parts Inc. ("Elite Auto") is a corporation duly organized and existing under the laws of the State of Ohio and having its principal place of business located at 967 Watertower Lane, Dayton OH 45449.

9. Upon information and belief, defendant Suzhou Hao Tang Auto Parts US Ltd. ("Tang Auto") is a corporation duly organized and existing under the laws of the State of Ohio and having its principal place of business located at 4902 Union Center Pavilion R, Mason, OH 45050 and 2651 South Breiel Blvd., Middletown, OH 45044.

10. Upon information and belief, defendant Hong Yang ("Yang") is an individual that is an owner of Elite Auto and Tang Auto and resides at 4483 Riverstone Way, Mason, OH 45040.

11. Upon information and belief, defendant Yeh Chun Hung ("Yeh") is an individual that is an owner of Elite Auto and Tang Auto and resides at 5990 W. Bonsai Ct. Dayton, OH 45431.

12. Upon information and belief, Yang and Yeh maintain a financial interest in and the right and ability to control the businesses operations of Elite Auto and Tang Auto.

13. The identities of "John Does" 1-10 and Unknown Entities 1-10 are not currently known to Rally Armor. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unauthorized activities. Rally Armor will use its best efforts to identify these "John Does" and Unknown Entities, and upon further knowledge and investigation, Rally Armor will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

**A. Rally Armor' Famous Products and Trademarks**

14. Founded in 2004 and based in Queens, NY, Rally Armor was birthed on the ambitions of an automotive and rally motorsport enthusiast. Faced with a limited aftermarket parts budget and the pitfalls, or more appropriately, the potholes, so commonly encountered on the streets of New York City, Costas Tsolkas decided to fabricate his own aluminum skid plate and plastic

mud flaps to add protective layers to his beloved 1999 Subaru Impreza. As fellow Subaru owners took notice, demand for the mud flaps increased and Rally Armor carved its niche in drill-free, vehicle specific mud flaps.

15. Today, Rally Armor's top-selling general fit "Universal Basic" mud flaps regularly ranking as #1 in the "Mud Flaps & Splash Guards" category on the www.Amazon.com website ("Amazon"). Rally Armor has distinguished itself in the aftermarket world as the go-to resource for mud flaps that are proudly 100% designed, manufactured, and packaged in the United States. The company ethos of quality uncompromised means Rally Armor is setting THE standard in mud flaps.

16. For 15 years, Rally Armor has marked its Rally Armor brand products with a set of trademarks that have come to symbolize a profound company heritage, entrepreneurial spirit, and superior craftsmanship. This reputation started with the design of the first Rally Armor mud flap in 2004, and has since expanded into a robust global marketplace. From its prescient inception to its products' establishment as a household name, Rally Armor has expended great amounts of time, money, and effort advertising and promoting its trademarks globally, including throughout the United States and in this District. As a result of these investments and its widespread success, Rally Armor has developed considerable goodwill and a reputation for the highest quality products. Rally Armor has continuously used its trademarks to distinguish its products and uphold this reputation.

17. Since 2010, Rally Armor is the owner of the federally registered, with the United States Patent and Trademark Office, RALLYARMOR trademark (Reg. No. 3789284) for goods in IC 006 described as "Armour plate and armour plating". Further, since 2004, Rally Armor has adopted and uses the RALLYARMOR and BASIC trademark on car mud flaps. (Hereinafter collectively referred to as the "Rally Armor Trademarks".)

18. The distinct look and quality and the RALLY ARMOR trademark can be seen on the below products distributed by Rally Armor.



19. Further, Rally Armor uses the BASIC trademark to further identify its high-quality mud flaps as can been seen on the below listing from the Amazon marketplace. Further, Rally Armor uses the "MF12-BAS" identifying code ("SKU") to identify its products.



20. The Rally Armor Trademarks are valid, in full force and effect, protectable and exclusively owned by Rally Armor. Rally Armor has continuously used the Rally Armor Trademarks during all time periods relevant to Rally Armor' claims.

21. The Rally Armor Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Rally Armor' high quality merchandise including, but not limited to, mud flaps.

22. Due to the overwhelming amount of resources exhausted by Rally Armor in order to

create, protect, enforce, and promote the Rally Armor Trademarks, the Rally Armor Trademarks have achieved secondary meaning as identifiers of high quality merchandise including, but not limited to, mud flaps.

23. The Rally Armor Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high quality products. As such, the Rally Armor Trademarks qualify are famous marks.

**B.  Defendants' Unauthorized Activities**

24. Unfortunately, with the great success of the Rally Armor mud flaps and brand comes imitators creeping into the market place looking to exploit off of Rally Armor's brand and goodwill.

25. Upon information and belief, Defendants are importing, offering for sale, selling, and using in interstate commerce merchandise bearing infringements of the Rally Armor Trademarks.

26. Defendants are the distributors of a large amount of Infringing Products and have a vast knowledge of Rally Armor and are therefore willful infringers of the Rally Armor Trademarks causing irrespirable harm to Rally Armor and the unsuspecting public who are being defrauded into purchasing knockoff merchandise.

27. On or about March 19, 2019, Rally Armor became aware of listings on Amazon offering for sale and selling merchandise that looked substantially similar to the design, color scheme, and font of Rally Armor mud flaps.  Equally concerning, these listings contained the same exact SKU and BASIC trademark that Rally Armor uses to identify its products. A sample image of the Defendants listing can be seen below.



28. By having a similar design, using an identical font, using an identical color scheme, using the BASIC trademark, and using SKU, it is clear that Defendants are trying to confuse the consuming public to believe that its products are authorized or genuine Rally Armor mud flaps, when they are not. (Hereinafter referred to as the "Infringing Mud Flaps").

29. Upon information and belief, Defendants own and operate several Amazon accounts, including but not limited to, "Gplusmotor" and "VRracing," that are registered to Tang Auto and distributing the Infringing Mud Flaps.

30. Defendants have been offering for sale and selling Infringing Mud Flaps into this District. Specifically, on or about March 21, 2019, an agent for Rally Armor purchased on Amazon a "G-PLUS Universal Fitment Basic Mud Flap Set of 4 for Car Trucks with Red Logo" for $18.54 from the Amazon seller known as "Gplusmotor" (the "First Purchase").

31. Further, on or about March 21, 2019, an agent for Rally Armor purchased on Amazon a "VRracing New MF12-BAS Universal Fitment Basic Front & Rear Mud Flap Set 4 Pcs with Red Logo" for $21.04 from the Amazon seller known as "VRracing" (the "Second Purchase").

32. On or about March 23, 2019, an agent for Rally Armor received the First Purchase via the United States Postal Services delivery into this District. The return address on the package for the First Purchase indicates that it was shipped by "Elite Auto Parts, 967 Watertown Ln,

Dayton, OH 45449".

33. Rally Armor reviewed the First Purchase and confirmed that the First Purchase was not authentic Rally Armor merchandise and the plastic envelope containing the mud flaps did, in fact, bear the SKU and infringements of the Rally Armor Trademarks alongside Defendants' "G-Plus" logo. An image of the First Purchase bearing the Rally Armor Trademarks can be seen below.



*Figure 1 - First Purchase*

34. Subsequently, also on or about March 23, 2019, an agent for Rally Armor received the Second Purchase via the United States Postal Services delivery into this District. The return address on the package for the Second Purchase also indicates that it was shipped by "Elite Auto Parts, 967 Watertown Ln, Dayton, OH 45449". Based on this, Defendants are working together in their unlawful conspiracy to sell illicit Infringing Products.

35. Rally Armor reviewed the Second Purchase and confirmed that the Second Purchase was not authentic Rally Armor merchandise and the plastic envelope containing the mud flaps did, in fact, bear the SKU and infringements of the Rally Armor Trademarks alongside Defendants' "G-Plus" logo. An image of the Second Purchase bearing the Rally Armor Trademarks can be seen below.



*Figure 2 - Second Purchase*

36. After further investigation, it was discovered not only were the Defendants selling the Infringing Mud Flaps on Amazon but also selling a large amount of product on the www.eBay.com website as well. The extent of the Defendants' infringing activity is voluminous and these purchases and the listings are just the tip of the iceberg of Defendants' infringing activities.

37. On or about March 25, 2019, Rally Armor sent Defendants a cease and desist letter putting them on specific notice of their unauthorized activities, demanding that they immediately cease the sale of Infringing Mud Flaps, and comply with additional demands. Defendants responded to this letter via email but failed to comply with the demands set forth in the letter.

38. Despite the cease and desist letter and acknowledging its receipt, Defendants unauthorized activities concerning the Rally Armor Trademarks continue as Defendants continued to offer for sale, sell, and distribute the Infringing Mud Flaps.

39. On or about April, 2, 2019, an agent for Rally Armor purchased on Amazon a "VRracing New MF12-BAS Universal Fitment Basic Front & Rear Mud Flap Set 4 Pcs with Red Logo" for $21.04 from the Amazon seller known as "VRracing" (the "Third Purchase").

40. On or about April 9, 2019, an agent for Rally Armor received the Third Purchase via the United States Postal Services delivery into this District. The return address on the package for

the Third Purchase indicates that it was shipped again by "Elite Auto Parts, 967 Watertown Ln, Dayton, OH 45449".

41. Rally Armor reviewed the Third Purchase and confirmed that the Third Purchase was not authentic Rally Armor merchandise and the plastic envelope containing the mud flaps did, in fact, bear the SKU and infringements of the Rally Armor Trademarks alongside Defendants' "G-Plus" logo. An image of the Third Purchase bearing the Rally Armor Trademarks can be seen below.



*Figure 3 - Third Purchase*

42. The First, Second, Third Purchases, and additional ones made by Rally Armor, evidence that Defendants' activities are knowing and willful. Below is a picture of genuine Rally Armor mud flaps and the Infringing Mud Flaps, it is clear that Defendants are trying to confuse the consuming public to believe that its products are authorized or genuine Rally Armor mud flaps, when they are not. This infringement is knowing and willful.



43. Up and until the date of the filing of this Complaint, Defendants are still offering for sale and selling Infringing Mud Flaps. Despite specifically being put on notice that the Infringing Mud Flaps they are selling are infringing, Defendants' unauthorized activities continue and further evidencing their willfulness.

44. Defendants are owned by and/or controlled by Yang and Yeh who are directly involved with the unauthorized activities described herein including, but not limited to, the creation and distribution of Infringing Mud Flaps.

45. Defendants' offer for sale and sale of the Infringing Mud Flaps constitutes an unauthorized use in commerce of the Rally Armor Trademarks in connection with the sale, offering for sale, or distribution of the Infringing Mud Flaps.

46. The Infringing Mud Flaps offered for sale and sold by Defendants were not manufactured, authorized, or sponsored by Rally Armor. Thus, consumers will be confused and disappointed by the differences between the Infringing Mud Flaps distributed by Defendants and the genuine Rally Armor mud flaps manufactured and sold by Rally Armor.

47. As a result of Defendants' actions, Rally Armor is losing profits from lost sales of genuine product, is suffering a loss of enormous goodwill created in its Rally Armor Trademarks, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

48. Upon information and belief, Defendants have knowingly and willfully engaged in their unathorized activities in direct violation of Rally Armor' rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

49. Rally Armor has suffered irreparable injury as a direct and proximate result of Defendants' wrongful distribution of the Infringing Mud Flaps.

50. Rally Armor has no adequate remedy at law.

51. Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Rally Armor' well-established rights in and to the Rally Armor Trademarks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement, 15 U.S.C. §1114)**

52. Rally Armor hereby realleges and incorporates by reference all prior allegations set forth above.

53. Defendants have knowingly, intentionally, and without the consent of Rally Armor used in commerce reproductions and/or copies of the Rally Armor Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' illicit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Rally Armor despite the fact that it is not.

54. Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55. Defendants' acts constitute use in commerce of the Rally Armor Trademarks.

56. For the aforementioned reasons, Rally Armor is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Rally Armor' lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

57. Rally Armor has no adequate remedy at law for Defendants' ongoing wrongful conduct. Rally Armor has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. §1125(a))

58. Rally Armor hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 51.

59. In connection with Defendants' advertisement, promotion, distribution, offers of sales, and sales of their goods, Defendants have used the Rally Armor Trademarks in commerce.

60. In connection with Defendants' advertisement, promotion, distribution, offers of sales, and sales of their goods, Defendants have affixed, applied and/or used false designations of origin and false and misleading descriptions and representations, including the Rally Armor Trademarks, which tend falsely to describe the origin, sponsorship, association, or approval by Rally Armor of the goods Defendants sell.

61. Defendants have used the Rally Armor Trademarks with full knowledge of the falsity of such designations of origin, descriptions, and representations, all to the detriment of Plaintiffs.

62. Defendants' use of the Rally Armor Trademarks on the Internet and on their goods bearing infringements of the Rally Armor Trademarks constitutes false descriptions and

representations tending falsely to describe or represent Defendants and their products as being authorized, sponsored, affiliated, or associated with Plaintiffs.

63. Defendants have used the Rally Armor Trademarks on the Internet and on their goods with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Rally Armor and to improperly appropriate to themselves the valuable trademark rights of Rally Armor. Defendants' acts constitute unfair competition under federal law.

64. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their products as those of Rally Armor in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). These acts constitute unfair competition.

65. Rally Armor has no adequate remedy at law for Defendants' ongoing wrongful conduct. Rally Armor has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### THIRD CLAIM FOR RELIEF:
### UNFAIR AND DECEPTIVE BUSINESS PRACTICES
### (N.Y. Gen. Bus. L. § 349)

66. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 51 of this Complaint.

67. The wrongful conduct of Defendants, including but not limited to the distribution of the Infringing Mud Flaps, making false statements, and using the SKU as a source indicator to confuse consumers in order to conceal its unauthorized activity constitutes materially misleading and deceptive trade practices under New York General Business Law § 349.

68. This wrongful conduct was consumer-oriented within the meaning of Section 349 as it is the intent of Defendants to distribute Infringing Mud Flaps bearing the false SKU into the

marketplace and therefore harm the general consuming public.

69. Because of this deceptive conduct, Plaintiffs have been and will continue to be damaged both monetarily and in ways impossible to remedy through monetary judgment.

## PRAYER FOR RELIEF

**WHEREFORE,** Rally Armor respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

    a) using any infringement of the Rally Armor Trademarks to identify any goods not authorized by Rally Armor;

    b) infringing the Rally Armor Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, or copy of the Rally Armor Trademarks;

    c) using any simulation, reproduction, or copy of the Rally Armor Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rally Armor, or to any goods sold, manufactured, sponsored or approved by, or connected with Rally Armor,

    d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rally Armor;

    e) engaging in any other conduct constituting an infringement of the Rally Armor Trademarks, of Rally Armor' rights in, or to use or to exploit, said trademark, or constituting any weakening of Rally Armor' name, reputation and goodwill.

II. Defendants be ordered to recall all products bearing the Rally Armor Trademarks and / or SKU or any other indicia confusingly similar or substantially similar thereof, which have

been shipped by Defendants to any customers.

III. Requiring Defendants to pay to Rally Armor such damages for all of Defendants' profits derived from their unlawful conduct and/or Rally Armor' lost profits from sales of genuine goods due to Defendants' infringement, false designation of origin, unfair competition trebled to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b).

IV. Ordering that Defendants compensate Rally Armor for the costs of this action, reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

V. Rally Armor be awarded their actual damages and attorneys' fees pursuant to N.Y. Gen. Bus. L. § 349.

VI. Defendants be required to pay pre-judgment interest on all damages awards.

VII. Directing that this Court retain jurisdiction of this action for the purpose of enabling Rally Armor to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII. Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rally Armor.

IX.     Awarding to Rally Armor such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rally Armor has incurred in connection with this action.

                                            **LEE LAW PLLC**

Dated:  April 30, 2019

                                            Michael Lee
                                            Lee Law PLLC
                                            579 Fifth Avenue
                                            14th Floor
                                            New York, NY 10017
                                            Telephone: (212) 621-8239

                                            Attorneys for Plaintiffs